Matter of McLean v Time Warner Cable, Inc. (2021 NY Slip Op 04937)





Matter of McLean v Time Warner Cable, Inc.


2021 NY Slip Op 04937


Decided on September 2, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:September 2, 2021

529971
[*1]In the Matter of the Claim of Allen McLean, Claimant,
v
Time Warner Cable, Inc., Appellant. Workers' Compensation Board, Respondent.

Calendar Date:August 18, 2021

Before:Garry, P.J., Egan Jr., Clark, Pritzker and Colangelo, JJ.

Wolff, Goodrich & Goldman, LLP, Syracuse (Robert E. Geyer Jr. of counsel), for appellant.
Letitia James, Attorney General, New York City (Marjorie S. Leff of counsel), for respondent.



Garry, P.J.
Appeal from a decision of the Workers' Compensation Board, filed February 26, 2019, which, among other things, granted claimant's request for a variance.
As relevant here, claimant sustained a work-related injury to his lower back in May 2013; treatment was authorized and various awards were made. In May 2018, claimant's treating physician, Robert Tiso, authored a letter of medical necessity attesting to the need to treat claimant's chronic pain with medical marihuana, and, shortly thereafter, filed an MG-2 variance form requesting authorization to that effect. The employer denied the requested variance, prompting claimant to seek review from the Workers' Compensation Board. Following a hearing, a Workers' Compensation Law Judge upheld the denial, among other things, finding that claimant's treating physician failed to meet the requisite burden of proof. Upon administrative review, the Board modified that decision by granting claimant's request for a variance. This appeal by the employer ensued.
"The Public Health Law and its accompanying regulations authorize the use of medical marihuana to treat certain enumerated and serious conditions, including — as relevant here — chronic pain (see Public Health Law §§ 3360 [7] [a]; 3362; 10 NYCRR 1004.2 [a] [8] [xi])" (Matter of Quigley v Village of E. Aurora, 193 AD3d 207, 214 [2021] [footnote omitted]; see Employer: WDF Inc., 2018 WL 1723750, *2, 2018 NY Wrk Comp LEXIS 1573, *3-4 [WCB No. G140 3803, Feb. 16, 2018]). Chronic pain, in turn, is defined as "any severe debilitating pain that the practitioner determines degrades health and functional capability; where the patient has contraindications, has experienced intolerable side effects, or has experienced failure of one or more previously tried therapeutic options; and where there is documented medical evidence of such pain having lasted three months or more beyond onset, or the practitioner reasonably anticipates such pain to last three months or more beyond onset" (10 NYCRR 1004.2 [a] [8] [xi]). Consistent with the provisions of the Workers' Compensation Law, treatment must be rendered in accordance with the Board's Medical Treatment Guidelines (see 12 NYCRR 324.2 [a]), and in the event that the "treating medical provider determines that medical care that varies from the Medical Treatment Guidelines is warranted, he or she 'shall request a variance from the insurance carrier' by submitting such request in the prescribed form" (Matter of Quigley v Village of E. Aurora, 193 AD3d at 215, quoting 12 NYCRR 324.3 [a] [1]). The burden of establishing the propriety and medical necessity of the variance rests with the claimant's treating medical provider (see 12 NYCRR 324.3 [a] [2]; Matter of Quigley v Village of E. Aurora, 193 AD3d at 215; Matter of Kluge v Town of Tonawanda, 176 AD3d 1370, 1371 [2019]). Although a variance may be denied where treatment was rendered prior to such request being made, the Board is not compelled to reject a variance [*2]request upon this ground (see Matter of Quigley v Village of E. Aurora, 193 AD3d at 215 n 4).
In support of claimant's variance request, Tiso submitted a June 12, 2018 letter of necessity, together with the detailed record of claimant's May 9, 2018 office visit, which collectively reflect that claimant, who suffers from lumbar disc degeneration, radiculopathy and spondylosis, experiences chronic pain with "an average pain level of 8/10." Tiso chronicled the numerous medications that claimant has been prescribed for pain relief, including neuropathic pain agents, narcotics and muscle relaxers, and indicated that these medications either produced intolerable side effects or "simply did not work" in that they failed to provide claimant "any good long-term pain relief." In addition to the foregoing, Tiso related that claimant had been treated with physical therapy, massage, acupuncture, trigger point injections, nerve blocks, spinal cord stimulation and chiropractic care. Although Tiso acknowledged that certain of these modalities afforded claimant some relief, he opined that claimant nonetheless continues to suffer from chronic pain that, in turn, "is debilitating and degrades his health and functional capacity." Finally, Tiso documented the marked improvement experienced by claimant when treated with medical marihuana — specifically, a reduction in claimant's pain level from 7-8/10 to 2-3/10, as well as claimant's improved sleep, functional capabilities and the ability to discontinue other medications. Based upon Tiso's detailed report, "we find that the Board's decision to grant the requested variance to treat claimant's chronic pain with medical marihuana is supported by substantial evidence and, as such, we decline to disturb it" (Matter of Quigley v Village of E. Aurora, 193 AD3d at 216). The employer's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Egan Jr., Clark, Pritzker and Colangelo, JJ., concur.
ORDERED that the decision is affirmed, without costs.