Matter of Barretta v Pal Envtl. Safety (2022 NY Slip Op 04598)

Matter of Barretta v Pal Envtl. Safety

2022 NY Slip Op 04598

Decided on July 14, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 14, 2022

533216
[*1]In the Matter of the Claim of Vito Barretta, Claimant,
v
Pal Environmental Safety et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date:May 24, 2022

Before:Lynch, J.P., Clark, Pritzker, Ceresia and McShan, JJ.

Vecchione, Vecchione, Connors & Cano, LLP, Garden City Park (Brian Anson of counsel), for appellants.
Letitia James, Attorney General, New York City (Marjorie S. Leff of counsel), for respondent.

Lynch, J.P.
Appeal from a decision of the Workers' Compensation Board, filed February 26, 2021, which, among other things, granted claimant's request for a variance.
Claimant, a fire proofer, has an established claim for an occupational disease involving his back, hips, legs and right foot with a date of disablement of July 2, 2014. Medical treatment was authorized, various proceedings ensued and certain awards were made. As relevant here, claimant began treating with Jonathan Rudnick — a physician — in June 2017 and, despite engaging in numerous forms of treatment, including surgery, physical therapy and prescription opiates, claimant's pain persisted. In 2020, Rudnick sought a variance to treat claimant with medical marihuana. The employer and its workers' compensation carrier denied the request upon the ground that such treatment was not approved by the federal Food and Drug Administration. Following a hearing, a Workers' Compensation Law Judge granted claimant's request for a variance, finding that the requisite burden of proof had been satisfied. Upon administrative review, the Workers' Compensation Board affirmed, and this appeal by the employer and the carrier ensued.
The Board's decision was issued the day after this Court decided Matter of Quigley v Village of E. Aurora (193 AD3d 207 [2021], lv denied 37 NY3d 908 [2021]), finding that coverage for a claimant's medical marihuana expenses under the Compassionate Care Act (see Public Health Law art 33, title V-A) is not preempted by federal law. In New York, medical marihuana is authorized for the treatment of chronic pain (see Public Health Law §§ 3360 [7] [a]; 3362; 10 NYCRR 1004.2 [a] [8] [xi]). When warranted, a treating medical provider may seek a variance from the Board's Medical Treatment Guidelines for authorization to utilize medical marihuana (see 12 NYCRR 324.2 [a]; 324.3 [a] [1]; Matter of McLean v Time Warner Cable, Inc., 197 AD3d 1371, 1372 [2021]; Matter of Quigley v Village of E. Aurora, 193 AD3d at 214-215). In doing so, "[t]he burden of establishing the propriety and medical necessity of the variance rests with the claimant's treating medical provider" (Matter of McLean v Time Warner Cable, Inc., 197 AD3d at 1372 [citations omitted]).
Although the record indicates that claimant had already been treating with medical marihuana obtained from out of state, the Board properly authorized the requested variance in the context of prospective treatment (see Matter of McLean v Time Warner Cable, Inc., 197 AD3d at 1373; Matter of Kluge v Town of Tonawanda, 176 AD3d 1370, 1372 [2019]). The record confirms that claimant suffers from debilitating, persistent pain that has degraded his health and functional capabilities. He has explored numerous treatment options, including surgery, physical therapy, a TENS unit, massage therapy and multiple prescriptions, including opiates, with limited success. Claimant's treating physician pointed to a history of using medical marihuana that "help[*2][ed] his pain and function." He reported that the plan was "to address chronic pain issues and opiate titration and . . . decrease opiates in the future." In our view, these factors provide substantial evidence for the Board's decision to grant the requested variance (see Matter of McLean v Time Warner Cable, Inc., 197 AD3d at 1373; Matter of Quigley v Village of E. Aurora, 193 AD3d at 215-216).
Clark, Pritzker, Ceresia and McShan, JJ., concur.
ORDERED that the decision is affirmed, without costs.